**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
DISH NETWORK L.L.C.,                                     :
                                                        :     Case No.: 17-cv-5148 (AJN)
                              Plaintiff,                 :
                                                        :
                    v.                                  :     **JURY TRIAL DEMANDED**
                                                        :
UNIVISION LOCAL MEDIA, INC.; UNIVISION                  :
NETWORKS AND STUDIOS, INC.; and                         :
UNIVISION OF PUERTO RICO INC.,                          :     **AMENDED ANSWER AND**
                                                        :     **COUNTERCLAIMS**
                              Defendants.                :
---------------------------------------------------------------x
UNIVISION LOCAL MEDIA, INC.; UNIVISION                  :
NETWORKS AND STUDIOS, INC.; and                         :
UNIVISION OF PUERTO RICO INC.,                          :
                                                        :
         Defendants/Counterclaim-Plaintiffs,            :
                                                        :
         and                                            :
                                                        :
UNIVISION COMMUNICATIONS INC.;                          :
THE UNIVISION NETWORK LIMITED                           :
PARTNERSHIP; UNIVISION IP HOLDINGS,                     :
LLC,                                                    :
                                                        :
         Additional Counterclaim Plaintiffs,            :
                                                        :
                    v.                                  :
                                                        :
DISH NETWORK L.L.C.,                                    :
                                                        :
         Plaintiff/Counterclaim-Defendant.              :
---------------------------------------------------------------x

## AMENDED ANSWER OF UNIVISION LOCAL MEDIA, INC., UNIVISION NETWORKS AND STUDIOS, INC, AND UNIVISION OF PUERTO RICO INC. TO COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Defendants Univision Local Media,

Inc. ("ULM"), Univision Networks and Studios, Inc. ("UNS"), and Univision of Puerto Rico Inc.

("UPR," and collectively with ULM and UNS, "Univision" or the "Univision Entities"), by their

attorneys, for their Amended Answer to the Complaint of Plaintiff Dish Network L.L.C. ("Dish"), state as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Admit the allegations contained in Paragraph 2 of the Complaint, except deny that UNS has its principal place of business in New York and that UPR has its principal place of business in New York.  Univision avers that UNS has its principal place of business in Miami, Florida and that UPR has its principal place of business in Puerto Rico.

3.      The allegations contained in Paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Univision admits that there is complete diversity among the parties.

4.      Admit that Univision and Dish agreed pursuant to a written agreement (the "Agreement") that the federal and state courts located in the State of New York shall have exclusive jurisdiction to hear and determine any claims, disputes, actions or suits which may arise under or out of the Agreement, and that the parties waived any right to make any claim to the contrary.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 4 of the Complaint constitute legal conclusions to which no response is required.

5.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Admit the allegations contained in Paragraph 6 of the Complaint, except Univision respectfully refers the Court to the Agreement for a complete and accurate statement

of its terms and the parties' respective rights and obligations thereunder.  Univision also avers that the Agreement has expired with respect to certain of the television programming services referenced in Paragraph 6 of the Complaint, and accordingly Dish no longer has the right to distribute those services.

7.       Admit the allegations contained in Paragraph 7 of the Complaint, except Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  Univision also avers that in obtaining the right to distribute the "Linear Services," Dish did not receive rights to distribute broadcasts of soccer matches from the Mexican soccer league Liga MX in the English language (the "English Language Liga MX Matches"), and further avers that Dish no longer has the right to distribute certain of the Linear Services.

8.       Admit the allegations contained in Paragraph 8 of the Complaint.

9.       Respectfully refer the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The allegations contained in Paragraph 9 of the Complaint also contain legal conclusions to which no response is required.  To the extent a further response is required, Univision denies the allegations.

10.       Deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the "benefits of the Agreement to Dish," respectfully refer the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder, and otherwise admit the allegations contained in Paragraph 10 of the Complaint.  Univision avers, however, that in obtaining the right to distribute the "Linear Services," Dish did not receive rights to distribute the English Language Liga MX Matches.

3

11.     Deny the allegations contained in paragraph 11 of the Complaint, including without limitation the allegations concerning the production of the English Language Liga MX Matches, except admit that, on or around February 18, 2017, Univision granted Facebook, Inc. the right to make available a limited number of soccer matches from Liga MX in the English Language – *i.e.*, the English Language Liga MX Matches – on Facebook Live.  Univision further admits that paragraph 11 of the Complaint purports to partially depict and excerpt a media report from UCI's website, which speaks for itself.  Univision respectfully refers the Court to that media report for a complete and accurate statement of its contents.  Univision avers that the English Language Liga MX Matches are an entirely different product than the Spanish Language broadcasts of Liga MX matches that appear on the Linear Services, because, among other things, they: (1) are in the English language; (2) use different announcers; (3) offer different and unique commentary; (4) involve different audio production staff; (5) require a different audio path; and (6) provide different graphics.

12.     Deny the allegations contained in Paragraph 12 of the Complaint.  The allegations contained in Paragraph 12 of the Complaint also contain legal conclusions to which no response is required.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

13.     Admit that Paragraph 13 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

4

14.     Admit the allegations contained in Paragraph 14 of the Complaint, but Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

15.     Admit that Paragraph 15 of the Complaint alleges the correct term of the Agreement, with the precise end dates varying by specific Linear Service, and that the Agreement was operative when Univision granted Facebook the right to make available a limited number of soccer matches from Liga MX in the English Language on Facebook Live.  Deny the remaining allegations contained in Paragraph 15 of the Complaint, including without limitation the allegation that Univision "licensed Linear Services content" to Facebook.

16.     Admit that Paragraph 16 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

17.     Admit that Paragraph 17 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 17 of the Complaint constitute legal conclusions to which no response is required.  To the extent a further response is required, Univision denies the allegations.

18.     Deny the allegations contained in Paragraph 18 of the Complaint.  The allegations contained in Paragraph 18 of the Complaint also contain legal conclusions to which no response is required.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

19.     Admit that Paragraph 19 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Univision denies the allegations.

20.     Admit that Paragraph 20 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 20 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Univision denies the allegations.

21.     Admit that Paragraph 21 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 21 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Univision denies the allegations.

22.     Admit that Paragraph 22 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 22 of the Complaint constitute

legal conclusions to which no response is required.  To the extent a response is required, Univision denies the allegations.

23.     Deny the allegations contained in Paragraph 23 of the Complaint.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The remaining allegations contained in Paragraph 23 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Univision denies the allegations, and avers that there is no allegation that Facebook distributes the English Language Liga MX Matches without the payment of a fee.

24.     Respectfully refer the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  The allegations contained in Paragraph 24 of the Complaint also constitute legal conclusions to which no response is required.  To the extent a response is required, Univision otherwise denies the allegations.

25.     Deny the allegations contained in Paragraph 25 of the Complaint, except admit that Paragraph 25 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

26.     Deny the allegations contained in Paragraph 26 of the Complaint, except admit that Paragraph 26 of the Complaint purports to reference excerpts of the Agreement, which speaks for itself.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.

27.     Admit that Paragraph 27 of the Complaint purports to quote excerpts of a press release posted on UCI's website in February, 2017, which speaks for itself.  Univision respectfully refers the Court to that press release for a complete and accurate statement of its contents.

28.     Admit that Paragraph 28 of the Complaint purports to quote excerpts of a press release posted on UCI's website in February 2017, which speaks for itself.  Univision respectfully refers the Court to that press release for a complete and accurate statement of its contents.

29.     Deny the allegations contained in Paragraph 29 of the Complaint, but admit that Paragraph 29 of the Complaint purports to quote excerpts of a press release posted on UCI's website in February 2017, which speaks for itself.  Univision respectfully refers the Court to that press release for a complete and accurate statement of its contents.

30.     Admit that Paragraph 30 of the Complaint purports to quote excerpts of a press release posted on UCI's website in February 2017, which speaks for itself.  Univision respectfully refers the Court to that press release for a complete and accurate statement of its contents, but otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31.     Admit that certain English Language Liga MX Matches have appeared on Facebook Live, but otherwise deny the allegations contained in Paragraph 31 of the Complaint, and aver that the English Language Liga MX Matches are an entirely separate product from the Spanish language soccer matches that are telecast on the Linear Services.  Univision further avers that there is no allegation that Facebook distributes the English Language Liga MX Matches without the payment of a fee.

32.     Admit that Olek Loewenstein gave an interview and that Paragraph 32 of the Complaint purports to quote excerpts of that interview that were posted on UCI's website, which speaks for itself.  Univision respectfully refers the Court to that interview for a complete and accurate statement of its contents, but otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33.     Deny the allegations contained in the first sentence of Paragraph 33.  The remaining allegations contained in Paragraph 33 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Univision denies the allegations, and avers that the English Language Liga MX Matches are an entirely different product than the Spanish Language broadcasts of Liga MX matches that appear on the Linear Services, because they: (1) are in the English language; (2) use different announcers; (3) offer different and unique commentary; (4) involve different audio production staff; (5) require a different audio path; and (6) provide different graphics.  Univision further avers that there is no allegation that Facebook distributes the English Language Liga MX Matches without the payment of a fee.

34.     Univision hereby repeats and specifically incorporates by reference the foregoing responses in Paragraphs 1–33 as if fully set forth herein.

35.     Admit that Dish and the Univision Entities are parties to the Agreement, but aver that the Agreement has expired with respect to certain of the Linear Services.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  To the extent a response is required, Univision otherwise denies the allegations contained in Paragraph 35 of the Complaint.

36.     Admit that Dish and the Univision Entities are parties to the Agreement, but aver that the Agreement has expired with respect to certain of the Linear Services.  Univision respectfully refers the Court to the Agreement for a complete and accurate statement of its terms and the parties' respective rights and obligations thereunder.  To the extent a further response is required, Univision denies the allegations contained in Paragraph 36 of the Complaint.

37.     Deny the allegations contained in Paragraph 37 of the Complaint.

38.     Deny the allegations contained in Paragraph 38 of the Complaint.

39.     Deny the allegations contained in Paragraph 39 of the Complaint.

40.     No response is required because the Court dismissed this claim on September 7, 2018.

41.     No response is required because the Court dismissed this claim on September 7, 2018.

42.     No response is required because the Court dismissed this claim on September 7, 2018.

43.     No response is required because the Court dismissed this claim on September 7, 2018.

44.     No response is required because the Court dismissed this claim on September 7, 2018.

45.     No response is required because the Court dismissed this claim on September 7, 2018.

46.     Deny the allegations contained in the Complaint's Prayer for Relief, except admit that Dish seeks the relief set forth in each of its subparts.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Dish, and without waiving and hereby expressly reserving the right to assert any and all additional defenses at such time and to such extent as discovery and factual developments establish a basis therefore, Univision hereby asserts the following defenses to the claims asserted in the Complaint:

### First Affirmative Defense

Univision did not breach the Agreement.

### Second Affirmative Defense

The Complaint's claims are barred by documentary evidence.

### Third Affirmative Defense

Dish has suffered no injury or damages.

### Fourth Affirmative Defense

Dish's purported damages are speculative and not calculable.

### Fifth Affirmative Defense

Dish has failed to mitigate its purported damages.

### Sixth Affirmative Defense

Univision has no obligation, under the Agreement or otherwise, to provide the English Language Liga MX Matches to Dish.

### Seventh Affirmative Defense

Dish alleges inconsistent remedies.

### Eighth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

## RESERVATION OF RIGHTS

Univision hereby reserves the right to amend this Amended Answer, including its

Affirmative Defenses, at any time.

\*               \*               \*

## COUNTERCLAIMS OF UNIVISION LOCAL MEDIA, INC., UNIVISION NETWORKS AND STUDIOS, INC., UNIVISION OF PUERTO RICO INC., UNIVISION COMMUNICATIONS INC., THE UNIVISION NETWORK LIMITED PARTNERSHIP, AND UNIVISION IP HOLDINGS, LLC

Pursuant to Rule 15(a)(1), Defendants and Counterclaim-Plaintiffs Univision Local

Media, Inc. ("ULM"), Univision Networks and Studios, Inc. ("UNS"), and Univision of Puerto

Rico Inc. ("UPR"), and Additional Counterclaim-Plaintiffs Univision Communications Inc.

("UCI"), The Univision Network Limited Partnership ("UNLP"), and Univision IP Holdings,

LLC ("UIP," and collectively with ULM, UNS, UPR, UCI, and UNLP, "Univision"), by their

attorneys, for their Counterclaims against Plaintiff and Counterclaim-Defendant Dish Network

L.L.C. ("Dish"), allege as follows:

## STATEMENT OF THE CASE

1.      Univision is the leading media company serving Hispanics in the United States,

serving as a vital source of Spanish-language news, sports, and entertainment for the U.S.

Hispanic community through 17 broadcast, cable and digital networks, and strategic

partnerships, as well as 63 local television stations.  It provides its highly-valued programming

content to cable, satellite, telecom, and online video distributors throughout the United States

pursuant to distribution agreements that require that such distributors compensate Univision for

its content with license fees.

2.      In 2012, Univision entered into such a distribution agreement with Dish, a

satellite television distributor, pursuant to which Dish agreed to pay ███████ license fees to

Univision in exchange for the right to distribute certain of Univision's programming services. Dish also agreed ███████████████████████████████████████████████████ ████████████████████████████████████████████ In 2015, Univision and Dish entered into an "OTT Amendment" to the 2012 agreement, pursuant to which Dish was granted rights to distribute, *inter alia*, certain of Univision's programming on "Sling," Dish's over-the-top, or "OTT," platform (together with the 2012 agreement, the "Agreement").[1]

3.      On March 31, 2018, Dish refused to renew the Agreement with Univision on its satellite television platform and on Sling as it related to, *inter alia*, four of Univision's cable networks—Bandamax, De Película, De Película Clásico, and Telehit (collectively, the "TuTV Services"). Three months later, on June 30, 2018, Dish refused to renew the Agreement with Univision (a) as to Univision's broadcast stations and its flagship cable networks Univision, UniMás, and Galavisión (collectively, the "Infringed Services," and together with the TuTV Services, the "Univision Services") on its satellite television platform and (b) as to the Infringed Services and certain other Univision programming services on Sling.  Notwithstanding these decisions, Dish still owes Univision millions of dollars in license fees and interest – which Dish has not paid to date – that are indisputably due under the Agreement both in connection with Dish's satellite and OTT distribution of the Infringed Services, among other Univision programming services, through June 30, 2018, as well as Dish's continued distribution of certain other Univision programming services as to which the Agreement has not expired (such as the Univision Deportes Network).[2]

---

[1] In addition to being a satellite television distributor, Dish now also offers an OTT service called Sling (which utilizes the Internet and/or wireless technology to deliver programming content).

[2] The Agreement included staggered expirations of the license periods of the various programming services licensed to Dish, such that Dish's license to distribute the TuTV Services

4.      Moreover, even though Dish chose to allow its license and distribution rights to the Univision Services to lapse, Dish has also continued falsely advertising to the public—on its official website, in various authorized retailer advertising materials, and on the website of an authorized retailer—that consumers would still have access to the Univision Services if they subscribed to Dish's "Latino Bonus Pack" offering, for which it charges its customers a monthly premium.  These statements were false.

5.      Dish has falsely advertised on its website, in flyers distributed by an authorized Dish retailer, and on the website of an authorized Dish retailer that Dish still distributed the Univision Services when it plainly did not, and it has thus violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  These deceptive tactics were clearly intended to minimize the effects of its business decision not to renew the Agreement with Univision by attempting to attract new Hispanic customers with the illusory promise of the popular Univision Services.  Dish has also sought to prevent its current customers from making an informed decision to switch providers to a distributor that did carry the Univision Services.  As a result of Dish's deceptive campaign, Univision has suffered actual damages.

6.      What is more, Dish improperly used various of Univision's marks as part of this blatantly false advertising campaign.  As recently as September 4, 2018—more than two months after Dish's authorization under the Agreement's license had expired—Dish's website prominently featured several of the trademarks and logos associated with the Infringed Services on the page advertising Dish's "Latino Bonus Pack" offering.  Dish has thus intentionally sought to take advantage of the goodwill associated with the Infringed Services and confuse consumers

---

and the Infringed Services expired at the end of March and June, 2018, respectively. Dish still has distribution rights under the Agreement ███████████ for other Univision programming services, including the Univision Deportes Network and the El Rey Network.

about whether the Infringed Services were available to Dish subscribers.  And last month, at least one authorized Dish retailer sent flyers and mailers to consumers that likewise featured the marks for the Infringed Services, without authorization.  In fact, since June 30, 2018 there has been no relationship between the Infringed Services and Dish, which has no right to use Univision's marks.

7.      Dish's conduct also infringed upon Univision's trademarks, in violation of Sections 32 & 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a).  As a result, Univision has suffered actual damages because Dish's use of Univision's marks confused consumers.

8.      At the same time that Dish falsely and deceptively marketed the Univision Services and improperly used Univision's marks to attract new customers, it was employing similarly misleading tactics to keep its current customers from switching to other programmers that did carry the Univision Services.  Upon information and belief, Dish's customer service representatives falsely told customers who called to complain about the absence of the Univision Services that they will be back on the air shortly.  These false statements are at odds with recent public statements by Dish's Chairman that Dish's decision not to renew its Agreement with Univision was "probably permanent."  Also, upon information and belief, in certain instances, Dish customer service representatives threatened to refer customers who requested to switch distributors to a collections agency.

9.      Based on Dish's material breaches of the Agreement and its violations of federal law, Univision is entitled to damages and other equitable remedies, which Univision seeks to recover through its Counterclaims.

## **PARTIES**

10.     ULM is a Delaware corporation with its principal place of business in New York, New York.

15

11.     UNS is a California corporation with its principal place of business in Miami,

Florida.

12.     UPR is a Delaware corporation with its principal place of business in Puerto Rico.

13.     UCI is a Delaware corporation with its principal place of business in New York,

New York.

14.     UNLP is a Delaware limited partnership with its principal place of business in

Miami, Florida.

15.     UIP is a Delaware limited liability company.

16.     Dish is a Colorado limited liability company with its principal place of business in

Englewood, Colorado.  Dish's sole member is DISH DBS Corporation, a Colorado corporation

with its principal place of business in Englewood, Colorado.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over Univision's claim for breach of the

Agreement pursuant to 28 U.S.C. § 1332 because there is complete diversity with parties that are

citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest

and costs.

18.     This Court has subject matter jurisdiction over Univision's claims for false

advertising and trademark infringement pursuant to 28 U.S.C. § 1331 because the claims arise

under federal law.

19.     This Court has personal jurisdiction over Dish, and venue is proper in this

District, because Dish filed its Complaint against ULM, UNS, and UPR in this District.

## FACTS

**I.     Dish Has Failed To Pay All Required License Fees Under the Agreement**

   *A.     The Agreement*

20.     Univision and Dish entered into the Agreement, effective January 9, 2012, with its subsequent "OTT Amendment" effective January 9, 2015.

21.     As noted above, on March 31, 2018, Dish refused to renew the Agreement with Univision as it related to the TuTv Services, and on June 30, 2018, Dish refused to renew the Agreement as it related to the Infringed Services.  Also on June 30, 2018, Dish lost the right to distribute all other Univision programming services on Sling.  Yet as set forth below, Dish still owes Univision millions of dollars in license fees and interest ███████████████████ ████████████████ but that Dish has failed to pay.

22.     Pursuant to Sections 3(a) and 3(e) of the Agreement, and Section 6(a) of the OTT Amendment, ████████████████████████████ ████████████████████████████ ████████████████████████████ ██████████████████

23.     As relevant here, Section 6 and Exhibit F of the Agreement set forth ████████ ████████████████████████████ ████████████████████████████ ██████████████████████ Additionally, Sections 14 and 15 of the OTT Amendment set forth ████████████ ████████████████████████████ ████████████████████████████ ████████████████

24.     Specifically, Section 6 of the Agreement provides ███████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

25.     Section 14 of the OTT Amendment provides ████████████████

██████████████████████████ and Section 15 of the OTT Amendment provides

█████████████████████████████████████████████████████

██████████████████████████ Both Sections 14 and 15 of the

OTT Amendment provide ██████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████

26.     Section 6(f) of the Agreement obligates ██████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████

27.     Although, under the Agreement and the OTT Amendment, █████████████

██████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████

28.     Additionally, Section 7(a) of the Agreement obligates ████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████

**B.      *Dish Has Failed to Make Any Fee Payments Under the Agreement and the OTT Amendment* ████████████████████████████ *and Has Failed to OTT Amendment***

29.     Under the Agreement, ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████

30.     To date, however, Dish has not paid Univision the Fees that it owes ████████

████████████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████████ In addition to not

paying ████████████ Dish has also not paid Univision interest ██████████████████

████████████████████████████████████████████████████

████████ and which continues to increase.

31.    Under the Agreement, ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

32.    To date, however, Dish has not paid Univision the Fees that it owes for ████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████    In

addition to not paying ██████████, Dish has also not paid Univision interest ██████████

████████████████████████████████████████████████████████

██████████████ and which continues to increase.

33.    Under the Agreement, ████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████

34.    Under the Agreement, Dish was also obligated ████████████████

████████████████████████████████████████████    To date,

however, Dish has not ████████████████████████████████████████

██████████████████████████

35.    To date, Dish has not paid Univision any Fees ████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████

20

36.     In sum, Dish has failed to pay Univision millions of dollars in Fees ███████ ████████████████████ These Fees are owed both in connection with Dish's prior distribution of the Infringed Services through June 30, 2018, as well as its continued distribution of certain other Univision programming services (*e.g.*, the Univision Deportes Network) as to which the Agreement has not expired, ███████████████████████████████████

37.     On October 8, 2018, Univision notified Dish by letter of these material contractual breaches. To date, Dish has not paid and ███████████████████████████ ███████████████████████████ Instead, only after Univision raised the possibility of needing to sue Dish for the money, Dish sent an email late in the evening of October 11, 2018, which stated that "[w]e have found the checks" and would be sending them (after months of non-payment), but provided no assurances as to the amount it would be paying, that it would pay ██ ████████████████████████████████████████████████████████ ██████

## II.     Dish Falsely Advertises Univision's Programming Using Univision's Marks

### A.     *Univision's Marks*

38.     As noted above, Univision is the leading media company serving Hispanics in the United States, serving as a vital source of news, sports, and entertainment for the U.S. Hispanic community.  The Univision name generally, as well as the names of its associated broadcast stations and/or networks, such as UniMás and Galavisión, have become synonymous with Spanish-language television.  Consumers know that Univision and its programming, and the trademarks and service marks associated with this programming, including the Univision "tulip" logo first used in 1989, are valuable.

39.     For decades, Univision has identified its flagship television broadcast network with the trademark "UNIVISION."  Since 2013, Univision has identified Univision's sister

21

broadcast television network, UniMás, which primarily targets younger demographics, with the trademark "UNIMÁS." These word marks also have associated trademarked logos, which are likewise readily identifiable to consumers.

40.    Univision, through its affiliates, is the owner of numerous federal trademark registrations associated with, *inter alia*, television broadcasting, websites, chat rooms, and retail stores. In particular, UNLP, a Univision affiliate, is the owner of a federal registration, Reg. No. 1,624,073, issued by the United States Patent & Trademark Office ("PTO") on November 20, 1990, and most recently renewed in 2010, for the word mark "UNIVISION," covering "television broadcasting services" (attached hereto as Exhibit 1). UCI, Univision's parent, is the owner of a federal registration, Reg. No. 4,012,164, issued by the PTO on August 16, 2011, for the word mark "UNIVISION" covering, *inter alia*, "Educational and entertainment services, namely, television and radio production, programming and distribution" and "Providing news in the nature of current event reporting" (attached hereto as Exhibit 2).

41.    UNLP, a Univision affiliate, is also the owner of a federal registration, Reg. No. 1,672,807, issued by the PTO on January 21, 1992, and most recently renewed in 2011, for a service mark for a Univision "tulip" logo covering "television broadcasting services" (attached hereto as Exhibit 3). Reg. No. 1,672,807 is depicted below:



42.    Univision has also consistently used the following 3D-style logo in conjunction with the "UNIVISION" word mark for the Univision service in commerce since 2013 in

connection with Univision's flagship television broadcast network (the "Univision 3D Logo"),

and therefore has common law trademark rights thereto:



43.     Reg. No. 1,624,073, Reg. No. 4,012,164, Reg. No. 1,672,807 and the Univision

3D Logo are collectively referred to as the "Univision Marks."

44.     UIP, a Univision affiliate, is the owner of a federal registration, Reg. No.

4,467,679, issued by the PTO on January 14, 2014, for a service mark for a UniMás logo

covering, *inter alia*, "Communication services, namely, television, cable television, satellite

television and digital television broadcasting and transmission services" (attached hereto as

Exhibit 4).  Reg. No. 4,467,679, which is depicted below, is referred to as the "UniMás Mark":



45.     UNLP, a Univision affiliate, is also the owner of a federal registration, Reg. No.

2,339,633, issued by the PTO on April 11, 2000, and most recently renewed in 2010, for a

service mark for a stylized "G" logo covering "television broadcasting services" (attached hereto

as Exhibit 5).  Reg. No. 2,339,633 is referred to as the "G Mark" and is used in connection with

the Galavisión programming service.  Reg. No. 2,339,633 is depicted below:



46.     The "G Mark," the Univision Marks, and the UniMás Mark are referred to collectively as the "Infringed Marks."

B.      *Dish's False Advertising and Trademark Infringement*

47.     Univision's revenues depend, in significant part, on its collection of ███ ███████ license fees, ████████████████████████ from distributors that carry the Univision Services (among other networks and programming content).  Since March 31, 2018, however, Dish no longer carries the TuTV Services, and since June 30, 2018, Dish no longer carries the Infringed Services.  As a result, since July 1, 2018, Univision does not receive ███████████ license fees from Dish in connection with any of the Univision Services.

48.     At the same time that Dish lost the right to distribute the Infringed Services (*i.e.*, June 30, 2018), ████████████████████████████████████████████████████ ███████  Any use of the Infringed Marks after June 30, 2018 is therefore infringing.

49.     Even though Dish has lost the right to distribute any of the Univision Services on its satellite television platform and no longer carries them,[3] Dish has nonetheless continued to falsely advertise to the public that they are available on its satellite television platform.  For example, on August 31, 2018—more than two months after Dish lost the right to distribute the

---

[3] Dish currently has the right to broadcast certain other Univision programming services (*e.g.*, Univision Deportes Network) on its satellite television platform, but those services each have different logos and marks associated with them.

Infringed Services—Dish's official website, www.Dish.com, continued to market their availability as part of Dish's "Latino Bonus Pack," an "add-on" package that costs consumers an additional $10.00 per month ($120.00 annually).  Moreover, as depicted in the below screenshot (taken on August 31, 2018, and attached hereto as Exhibit 6), Dish's false and deceptive advertising also improperly utilized the Infringed Marks without authorization:



50.     The above "screenshot" reflects the content of Dish's webpage with the following URL: https://dish.com/secure/special-offers/?directPackage Id-5688.  On this page, Dish touted the additional channels that were purportedly included in its "Latino Bonus Pack."  From left to right, Dish wrongfully and falsely displayed the logos and names of Univision, UniMás, and Galavisión.

51.     This was not an isolated or one-time occurrence.  On August 30, 2018, Dish also wrongfully and falsely included the logos and names of the Univision Services on its website at the following URL: https://www.dish.com/programming/packages/add-ons/latino/, as depicted in the picture below (attached hereto as Exhibit 7):



Recognizing the value of Univision programming as a core part of any Latino package, Dish even included the Infringed Services *as the very first in a series of television channels* that a subscriber would enjoy if they paid Dish a premium fee.  The list also advertised the availability of the TuTV Services even though it had been nearly five months since Dish lost the right to distribute them.

52.     This false advertising campaign and blatant trademark infringement was not limited to Dish's website.  Upon information and belief, in or around the week of September 10,

2018, an "Authorized Dish Retailer" distributed physical flyers and mailers that also falsely

advertised the availability of the Infringed Services as part of Dish's "Latino" package, even

though those services had not been available to Dish subscribers for over two months.  Here, too,

this blatantly false information was accompanied by the improper and unauthorized use of the

Infringed Marks (attached hereto as Exhibit 8):



### C.     *Dish Admits Its False Advertising and Trademark Infringement*

53.     On September 4, 2018, Univision's counsel sent a cease-and-desist letter via email to Dish's General Counsel, noting that Dish "continues to market to consumers the availability of . . .   Univision's television stations and program networks on DISH's platforms, *over two months* after DISH dropped Univision, UniMás and Galavision," and demanding that Dish "immediately cease and desist from falsely promoting the availability of Univision television stations and program networks on DISH's platforms, and . . . destroy all remaining sales, promotional, marketing and advertising materials displaying, copying, or mimicking Univision's intellectual property."  Univision requested that Dish respond by close of business September 11, 2018.

54.     Rather than provide a substantive response by Univision's deadline, Dish instead provided a perfunctory, one-line response on September 12, 2018 stating only that it was "reviewing the allegations" set forth in Univision's letter.

55.     In the interim, not only did Dish not agree to stop its false and misleading advertising campaign and trademark-infringing conduct, it allowed its authorized retailers to engage in this very same illegal conduct.  Indeed, as described above, during the week of September 10, 2018, an authorized Dish retailer mailed a flyer to consumers advertising the Infringed Services using the Infringed Marks.

56.     Univision sent Dish a supplemental cease and desist letter via email on September 15, 2018, and asked for a response by the close of business on September 20, 2018.

57.     On September 21, 2018, a day after Univision's requested deadline, Dish responded to both cease and desist letters.  In its response letter, Dish admitted that after June 30, 2018 Dish's webpage used the Infringed Marks and that an "independent retailer marketing DISH products and services" had distributed the flyers using the Infringed Marks.  Dish tried to

28

excuse the flyers by blaming the "considerable lead time between launch and fulfilment" of printed materials.

58.     Dish's response provided no assurances that Dish would stop using the Infringed Marks on its website or in marketing, and only mentioned that it corrected the one webpage that Univision provided and maintained that Dish "would not expect" the mailing of marketing materials containing the Infringed Marks and falsely advertising the availability of the Univision Services to recur.

59.     On September 19, 2018, two weeks after Univision's initial letter and just two days before Dish's response letter, another authorized Dish retailer falsely advertised the Univision Services on its website, www.planetdish.com, as part of Dish's "Latino Bonus Pack" (attached hereto as Exhibit 9):



That this website featured the Univision Services as recently as September 19, 2018 belies Dish's pretext that it was mere "lead time" that caused its authorized retailers to continue falsely advertising Univision's programming.  A website requires no "lead time," and this authorized website was still advertising the Univision Services over five months after Dish lost the right to distribute the TuTV Services, and over two months after Dish lost the right to distribute the Infringed Services.[4]

### FIRST CLAIM FOR RELIEF

**Breach of Contract**

60.     Univision realleges and incorporates by reference the allegations in Paragraphs 1 through 59 of the Counterclaims as set forth above as if fully set forth herein.

61.     Pursuant to the Agreement (which is defined to include the OTT Amendment), Univision granted rights to Dish to distribute Univision's programming services in exchange for, *inter alia*, Fees that Dish was obligated to pay on a ▮▮▮▮▮▮.

62.     The Fee payment terms of the Agreement are material terms, and were operative at all times relevant hereto.  Univision has satisfied its obligations pursuant to the terms of the Agreement.

63.     Dish materially breached the Agreement – both under the terms of the 2012 agreement and the OTT Amendment – because it has not paid the Outstanding Fees ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dish further materially breached the Agreement because it has not paid the ▮▮▮▮▮▮▮▮▮

---

[4] Univision is informed and believes that as recently as October 1, 2018, service trucks for an authorized Dish installer were seen in Chicago, Illinois advertising the Univision and Galavisión programming services with the Univision 3D Logo and G Mark.  This infringing conduct again demonstrates Dish's disregard for Univision's trademarks and its continuing false advertising, despite Univision's efforts to alert Dish to these issues.

████████████████████████████████████████

64.     Dish has also materially breached the Agreement by ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████

65.     Univision has suffered damages resulting from these material breaches in the amount of the Outstanding Fees, plus the interest ███████████████████████████████

█████████████████████████████ which continue to accrue until they are paid.

66.     Univision is also entitled to recover as damages any additional amounts of Fees and/or interest on any overdue Fees as they come due.

## SECOND CLAIM FOR RELIEF

### Breach of Contract – Specific Performance

67.     Univision realleges and incorporates by reference the allegations in Paragraphs 1 through 66 of the Counterclaims as set forth above as if fully set forth herein.

68.     Pursuant to Section 7 of the Agreement, Dish was obligated ██████████

████████████████████████████████████████████████████████ To date, however, ███████████████████████████████████

69.     Section 7 of the Agreement is a material provision, and operative at all times relevant hereto.  Univision has satisfied its obligations pursuant to the terms of the Agreement and is willing and able to perform its remaining obligations thereunder.

70.     ███████████████████████████████████████████

█████████████████████████████████ If Dish continues to breach the Agreement ████████████████████████████████████████████

█████████████████████████

71.     Dish should be required specifically to perform its obligations under the

Agreement.

72.     Univision has no adequate remedy at law with respect to ███████████████

████████████

### THIRD CLAIM FOR RELIEF

**False Advertising Under Section 43(a) of
the Lanham Act, 15 U.S.C. § 1125(a)**

73.     Univision realleges and incorporates by reference the allegations in Paragraphs 1

through 72 of the Counterclaims as set forth above as if fully set forth herein.

74.     Dish repeatedly represented on its website and in authorized advertisements that

the Univision Services were available as part of Dish's "Latino Bonus Pack," an "add-on"

package that costs consumers an additional $10.00 per month ($120.00 annually).

75.     These statements were literally false, since Dish subscribers did not have access

to the Univision Services because Dish no longer had the rights to distribute them.

76.     Dish knew or should have known that these statements were false and misleading

since Dish had publicly acknowledged that it no longer had the right to distribute the Univision

Services.

77.     Dish's false and/or misleading statements concerning the availability of the

Univision Services as part of the Latino Bonus Pack are material, and have influenced or are

likely to influence consumers' decisions to use Dish's services instead of those of other

programmers whom Univision has authorized to distribute the Univision Services.

78.     Dish's use of the Infringed Marks in its false advertisements has injured, or likely

will injure, Univision because the advertisements have influenced, or likely will influence,

consumers to sign up for a Dish subscription, or existing Dish customers to keep their Dish

subscription, for which Univision does not receive a license fee, when they would have otherwise picked a different provider that does distribute the Univision Services, and from which Univision would receive a license fee.  Thus, every subscriber that signs up with Dish or decides not to change to a different provider based on Dish's false and deceptive advertising campaign is a subscriber for which Univision will receive no revenue.  Accordingly, Univision has been and continues to be injured by Dish's false advertising, including by lost profits and injury to reputation.

79.     Upon information and belief, Dish's actions were intentional, deliberate and willful.

80.     Dish's actions have damaged Univision in an amount to be determined at trial.

81.     Dish's actions have caused, and will continue to cause, irreparable harm to Univision and an incalculable loss of goodwill and damages, and unless restrained by this Court will continue to cause Univision irreparable injury.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**Trademark Infringement Under Sections 32 and 43(a) of
the Lanham Act, 15 U.S.C. §§ 1114, 1125(a)**

82.     Univision realleges and incorporates by reference the allegations in Paragraphs 1 through 81 of the Counterclaims as set forth above as if fully set forth herein.

83.     Univision uses the Infringed Marks to identify the Infringed Services.

84.     Dish used the Infringed Marks in interstate commerce without authorization. Specifically, even though Dish's authorization to use the Infringed Marks expired more than two months ago, Dish continued to utilize the Infringed Marks on its official website Dish.com, and a Dish authorized retailer sent at least one flyer and mailer featuring them.  Dish violated 15 U.S.C. §§ 1114, 1125(a) by using in commerce a reproduction, copy, or colorable imitation of

the Infringed Marks in connection with the sale, offering for sale, distribution, or advertising of Dish's products, without Univision's consent.

85.     Dish's use of the Infringed Marks in falsely claiming to distribute the Infringed Services is likely to deceive or confuse a substantial segment of the relevant public as to the affiliation, connection or association between Univision and Dish, and the nature of the services offered by Dish.

86.     Dish's use of the Infringed Marks has caused and/or will cause loss of goodwill and profits to Univision, has unjustly enriched and/or will unjustly enrich Dish, has caused and/or will cause damage to the reputation of genuine services branded with the Infringed Marks, and has injured and/or will injure the public by causing confusion, mistake, and/or deception.

87.     Univision is entitled to damages for Dish's use of the Infringed Marks, an accounting of profits made by Dish, and recovery of Univision's costs of this action.

88.     Dish is and was at all relevant times aware of Univision's prior use, ownership, and/or registration of the Infringed Marks, and Dish's conduct was therefore willful and intentional.  The intentional use of the Infringed Marks by Dish makes this an exceptional case entitling Univision to an award of three times its actual damages and recovery of its reasonable attorneys' fees.

89.     Univision is also entitled to permanent injunctive relief to prevent Dish's unauthorized use of the Infringed Marks because Univision has no adequate remedy at law.  The conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Univision in the Infringed Marks, and in its business, reputation, and goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Univision respectfully requests that judgment be entered against

Dish and prays for relief as follows:

1.      For damages for Dish's material breaches of contract for non-payment under the

Agreement and OTT Amendment, as set forth herein, including all applicable interest on overdue

Fees.

2.      For an Order directing Dish ███████████████████████████████

████

3.      For damages for Dish's false advertising and trademark infringement.

4.      That Dish account for, disgorge, and pay over to Univision all profits Dish

realized as a result of Dish's unlawful acts.

5.      For a permanent injunction against Dish and all others acting in concert or

participation with Dish from (i) further unauthorized use of the Infringed Marks, or any

reproductions, counterfeits, copies, and/or colorable imitations of them; (ii) advertising the

availability of Univision, UniMás, Galavisión, Bandamax, De Película, De Película Clásico, and

Telehit programming to Dish subscribers, whether or not using the Infringed Marks, so long as

Dish has no rights to distribute such programming.

6.      For an injunction requiring Dish to issue a corrective advertisement on its website

and to Miami- and Chicago-based Univision viewers that Univision, UniMás, Galavisión,

Bandamax, De Película, De Película Clásico, and Telehit are no longer available to Dish's

subscribers.

7.      For punitive and/or exemplary damages.

8.      For costs, attorneys' fees, and pre-judgment interest as permitted by law.

9.      For such additional and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Univision hereby demands a trial by jury to decide all issues so triable in this case.

Dated:  New York, New York
October 12, 2018

/s/ *David L. Yohai*
Jonathan D. Polkes
David L. Yohai
Randi W. Singer
David Yolkut
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
jonathan.polkes@weil.com
david.yohai@weil.com
randi.singer@weil.com
david.yolkut@weil.com

*Attorneys for Defendants/Counterclaim Plaintiffs*
*and Additional Counterclaim Plaintiffs*
